IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01427-BNB

LOREN RICHIE LUSERO,

Plaintiff,

v.

CELESTE M. C. DE BACA, (Board Member) (Colorado Board of Parole),
DAVID L. MICHAUD, (Chairman) (Colorado Board of Parole),
HUNTER, (Case Manager),
ROBERTS, (Case Manager), and
SUSAN JONES, (Warden) of Colorado State Penitentiary,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 9 2008

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Loren Richie Lusero, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Lusero has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and 28 U.S.C. §§ 1331, 1343(a)(4), 1346, 2201, and 2202. *Pro se* litigants may not recover an award of attorney's fees pursuant to 42 U.S.C. § 1988. *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983). The policy underlaying § 1988 was not implemented to compensate *pro se* litigants. *Id.* Mr. Lusero asks for money damages and unspecified declaratory and injunctive relief.

Mr. Lusero has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. The Court must construe

the complaint liberally because Mr. Lusero is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lusero will be ordered to file an amended complaint on the proper, Court-approved form. Therefore, his July 16, 2008, objection to the directive in the July 9, 2008, order to commence and cure that he file his complaint on the proper, Court-approved form is moot.

The Court has reviewed Mr. Lusero's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lusero fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is not clear against which Defendant or Defendants Mr. Lusero is asserting his claims for relief. Portions of the complaint are rambling and prolix. The complaint is difficult to read because it is handwritten in all capital letters. Mr. Lusero fails to clarify which claims are asserted pursuant to which statute.

Mr. Lusero will be directed to file an amended complaint. Mr. Lusero is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lusero must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Lusero must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Lusero should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Loren Richie Lusero, file **within thirty (30) days from the date of this order** an original and sufficient service copies of an amended complaint that complies with this order. It is

FURTHER ORDERED that because Mr. Lusero will be ordered to file an amended complaint on the proper, Court-approved form, his July 16, 2008, objection to the directive in the July 9, 2008, order to commence and cure that he file his complaint on the proper, Court-approved form, is moot. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lusero, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Lusero submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Lusero fails to file an original and sufficient service copies of an amended complaint that comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 29, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01427-BNB

Loren R. Lusero
Prisoner No. 124354
CSP — C8-28
PO Box 777
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/29/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk